UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LIVENTON CORIELUS,

                        Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                               16-CV-7155 (RRM) (SMG)

    -against-

DR. PRASAD; ASSISTANT DR. BEN OAKES;
SUPERINTENDENT MICHAEL SHEAHAN; and
SERGEANT J. AYER,

                        Defendants.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Liventon Corielus, currently incarcerated at Southport Correctional Facility ("Southport"), filed the instant *pro se* complaint on December 27, 2016 pursuant to 42 U.S.C. § 1983, and alleges that the staff at Southport denied him medical treatment. Although Corielus's complaint is far from a model of clarity, he appears to allege that the staff at Southport discontinued his medication for diabetes. (*See* Compl. (Doc No. 1) at 5–6.)[1] Thereafter, he was transferred, and the subsequent correctional facilities refused to give him the necessary medication on the grounds that Southport had discontinued that medication. (*See id.* at 9–10.) Corielus seeks monetary damages of $90,000. (*See id.* at 5–6.) For the following reasons, the Court transfers the instant action to the United States District Court for the Western District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391, a civil rights action may be brought in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if

---

[1] All citations to pages of the complaint refer to the Electronic Case Filing System ("ECF") pagination.

there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A district court may transfer any civil action to another district "for the convenience of parties and witnesses, in the interest of justice . . . ." 28 U.S.C. § 1404(a). *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

In determining whether transfer is appropriate, courts consider the following factors:

> (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of the unwilling witnesses; and (7) the relative means of the parties.

*N.Y. Marine*, 599 F.3d at 112; *see also Flores v. United States*, 142 F. Supp. 3d 279, 286–87 (E.D.N.Y. 2015); *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459–60 (S.D.N.Y. 2011). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). Here, the operative events are centered wholly on events taking place at Southport Correctional Facility, located in Chemung County, in the Western District of New York. (*See* Compl. at 5–6.) Accordingly, transfer of this action to the Western District of New York is appropriate. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Western District of New York. *See* 28 U.S.C. §§ 1391(b), 1404(a). No summons shall issue from this Court. The Court notes that Corielus failed to file an application to proceed *in forma pauperis* ("IFP") or a Prison Litigation Reform Act ("PLRA") authorization form. The

provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven day delay, is waived.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff Liventon Corielus, *pro se*, and note the mailing on the docket.

SO ORDERED.

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
March 8, 2017